# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TALBOT OLGIUN HOWARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2436 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging his conviction. Respondent filed a motion for summary judgment. (Docket Entry No. 19.) Despite expiration of a reasonable period of time in excess of sixty days, petitioner failed to file a response to the motion, and the motion is uncontested.

Having considered the motion, the pleadings, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons explained below.

### *Background and Claims*

Petitioner was convicted of burglary of a habitation with intent to commit theft, as enhanced, and sentenced to thirty-two years' imprisonment. The conviction was affirmed on appeal, *Howard v. State*, No. 14-16-00562-CR, 2017 WL 2382539 (Tex. App.–Houston [14th Dist.] June 1, 2017, no pet.) (not designated for publication), and petitioner did not seek

discretionary review. The Texas Court of Criminal Appeals denied petitioner's timely-filed application for state habeas relief.

Petitioner raises the following grounds for federal habeas relief in this proceeding:

1. The evidence is legally insufficient to sustain the conviction;

2. The trial court erred in denying a directed verdict; and

3. He was denied due process because of the manner in which evidence was collected.

Respondent argues that petitioner's first and third grounds are procedurally defaulted and barred from consideration, and that the remaining ground raises no cognizable claim for federal habeas relief. As noted earlier, petitioner has not contested respondent's arguments.

*Factual Background*

The intermediate state appellate court set forth the following statement of facts in its opinion affirming petitioner's conviction:

> The complainant returned home from work to find that his apartment had been burglarized. The front window was broken and the door was ajar. The complainant did not look outside, but went immediately inside. When he went inside the apartment he saw that "basically everything" was missing. The complainant testified his television, tools, clothes, and shoes were all missing. All of these items were taken from the living room and the bedroom of the apartment. His apartment appeared "destroyed." The complainant lived in the apartment by himself; his girlfriend had stayed the night before, but he otherwise had no overnight guests staying with him. The complainant did not have frequent visitors to the apartment. On the day of the incident, the complainant's girlfriend left the apartment after the complainant, but she locked the door when she left.

The broken window [was] two to three feet from the front door. An entertainment center was placed in front of the window. When the complainant went inside the apartment he noticed that the entertainment center had been moved. It appeared that someone broke the window and moved the entertainment center to get to the door.

The complainant saw blood right outside the front door and a little bit of blood on the carpet inside. None of the stolen items were recovered.

Officer Saied Radpour of the Houston Police Department responded to the burglary call. When Radpour arrived he saw the shattered window right next to the front door and observed that the apartment appeared neat, perhaps because it was almost empty. Radpour testified that it was obvious someone was living in the apartment because there was food on the dining table, but otherwise the apartment appeared empty because "all the stuff was taken from the apartment." Radpour noticed blood on the door knob and on a crumpled paper towel right outside the door. Radpour saw broken glass outside and inside the apartment, but did not recall seeing blood inside the apartment. Radpour collected blood evidence from the outside door knob and collected the paper towel. Radpour saw blood on the broken glass outside the apartment, but did not collect a sample. Radpour testified that the blood was wet, and appeared fresh.

The blood samples were submitted to a lab for DNA analysis. The lab reported a DNA match to appellant. Officer Leal of the Houston Police Department interviewed appellant who denied knowledge of the burglary. A recording of Leal's interview with appellant was admitted into evidence. Leal explained to appellant that he was investigating the burglary of complainant's apartment. Leal told appellant that blood from the scene was tested and that the DNA taken from the blood came back as a match to appellant. Appellant told Leal that he did not know anything about the burglary and would not put himself in that situation. Leal contacted the complainant and asked whether the complainant knew the appellant. The complainant told Leal he did not know appellant. The complainant had never seen appellant before and did not give him permission to enter the apartment. Leal obtained a search warrant to take a buccal swab DNA sample from appellant. Leal collected a buccal swab from appellant.

Jisel Bailon of the Houston Forensic Center tested the blood from the door knob and the paper towel. Bailon confirmed that both samples were positive for blood. Those samples were then sent to Bode Technologies, a private lab.

> Bode sent a report back to Bailon, who generated a DNA comparison report using those samples plus the known sample from the buccal swab taken from appellant. Bailon testified that appellant could not be excluded as a possible contributor to the DNA profile obtained from the blood on the door knob and on the paper towel. The probability of the contributor being someone other than appellant [was] approximately 1 in 2.66 sextillion for Caucasians, 1 in 1 sextillion for African Americans, and 1 in 26 quintillion for Southwest Hispanics. Bailon testified that she could not testify to a DNA "match" because she had not tested every person on the planet.

*Howard*, 2017 WL 2382539, at *1–2.

## *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

5

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment Review*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Procedural Default and Bar*

Respondent argues that petitioner's first and third federal habeas grounds have been procedurally defaulted and are barred from consideration in this proceeding.

In his first ground, petitioner contends that the evidence is legally insufficient to sustain his conviction. The state court record shows that petitioner unsuccessfully raised this claim on direct appeal but failed to present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review. Although petitioner raised the issue in his application for state habeas relief, the state court denied the claim as it was not cognizable on habeas review pursuant to *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). *Ex parte Howard*, at 38.

It is well settled by Texas state courts that sufficiency of the evidence cannot be challenged in a post-conviction writ of habeas corpus. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *see also Ex parte McClain*, 869 S.W.2d 349, 351 (Tex. Crim. App. 1994). The Fifth Circuit Court of Appeals recognizes and upholds this state procedural bar. *See West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996) ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised on state habeas."); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) (recognizing that under Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not on collateral review). Because petitioner did not challenge

the sufficiency of the evidence through a petition for discretionary review, the issue is procedurally defaulted and barred from consideration at this juncture.

To overcome this procedural bar, petitioner must demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). By "fundamental miscarriage of justice" is meant that he was actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Petitioner fails to allege, much less prove, cause for his procedural default, nor does he establish actual prejudice or a fundamental miscarriage of justice. To any extent petitioner attempts to argue that he is actually innocent of the criminal offense, his argument is wholly conclusory, unsupported in the record or the law, and warrants no relief.

Petitioner's challenge to the sufficiency of the evidence is procedurally defaulted and barred from consideration by this Court. Moreover, his claim does not present a cognizable federal habeas claim for relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

In his third ground for habeas relief, petitioner contends that he was denied due process due to the manner in which inculpatory evidence was collected. Petitioner did not

raise this issue on direct appeal. Although petitioner raised the claim on state collateral review, the state trial court found that the claim was a record claim that should have been raised on direct appeal. *Ex parte Howard*, at 38.

It is well settled that federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Harris v. Reed*, 489 U.S. 255, 265 (1989); *Coleman*, 501 U.S. at 729 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). Where a state court has explicitly relied on a procedural bar, a petitioner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice that is attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Petitioner fails to allege, much less prove, cause for his procedural default, nor does he establish actual prejudice or a fundamental miscarriage of justice. To any extent he again attempts to argue that he is actually innocent of the criminal offense, petitioner's argument is wholly conclusory, unsupported in the record or the law, and warrants no relief.

Petitioner's due process challenge is procedurally defaulted and barred from consideration by this Court. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

To any extent petitioner may be raising an independent claim of actual innocence, the claim was not raised in state court, is procedurally defaulted, and barred from consideration by this Court. Regardless, neither the Supreme Court nor the Fifth Circuit recognizes "actual innocence" as a cognizable free-standing claim for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993); *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018). Respondent is entitled to summary judgment dismissal of the claim.

### *Trial Court Error*

In his remaining habeas ground, petitioner argues that the trial court erred in denying his motion for a directed verdict. Although he unsuccessfully raised the claim on direct appeal, he did not pursue discretionary review and the claim is procedurally defaulted. Regardless, the claim is grounded in state law and presents no federal constitutional issue.

Federal habeas relief cannot be had absent the allegation by a petitioner that he was deprived of some right secured to him by a federal constitutional or statutory right. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner enjoyed no federal constitutional or statutory right to a directed verdict in state court, and no cognizable federal habeas claim is presented.

Respondent is entitled to summary judgment dismissal of this claim.

### *Evidentiary Hearing*

Having reviewed the pleadings and the proceedings held in state court as reflected in the state court records, the Court finds that an evidentiary hearing is unnecessary.

### *Conclusion*

The motion for summary judgment (Docket Entry No. 19) is GRANTED and this habeas lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on January 23, 2019.

_____
Gray H. Miller
Senior United States District Judge